**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT LONDON**

**CIVIL ACTION NO. 16-294-DLB**

**TERESA HAYES**                                                                          **PLAINTIFF**


**vs.**                          **MEMORANDUM OPINION & ORDER**


**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                   **DEFENDANT**

                            ***   ***   ***   ***

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review

of an administrative decision of the Commissioner of Social Security.  The Court, having

reviewed the record and the parties' dispositive motions, and for the reasons set forth

herein, will affirm the Commissioner's decision.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On May 2, 2013, Plaintiff Teresa Hayes applied for disability insurance benefits

(DIB), alleging disability beginning on January 1, 2012.  (Tr. 168).  Plaintiff was fifty-three

years old at the time of filing, and she alleged that she was unable to work due to diabetes,

obesity, neuropathy, depression, anxiety, fatigue, and pain.  (Tr. 75).

Plaintiff's application was denied initially, and again on reconsideration.  (Tr. 102-

05; 107-13).  At Plaintiff's request, an administrative hearing was conducted on October

13, 2015 before Administrative Law Judge (ALJ) Scott Johnson.  (Tr. 35-74).   On

November 18, 2015, ALJ Johnson ruled that Plaintiff was not entitled to benefits.  (Tr. 10).

This decision became the final decision of the Commissioner on October 25, 2016, when

the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6).

Plaintiff filed the instant action on December 12, 2016, alleging the ALJ's decision "was erroneous, arbitrary and was not supported by substantial evidence."  (Doc. # 1 at 1).  The matter had culminated in cross-motions for summary judgment, which are now ripe for adjudication.  (Docs. # 8 and 10).

## II.    DISCUSSION

### A.    Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Id.*  Rather, the Court must affirm the Commissioner's decision, as long as it is supported by substantial evidence, even if the Court might have decided the case differently.  *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). If supported by substantial evidence, the Commissioner's findings must be affirmed, even if there is evidence favoring Plaintiff's side.  *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite conclusion.  *Smith v. Chater*, 99 F.3d 780, 781-82 (6th Cir. 1996).

To determine disability, the ALJ conducts a five-step analysis. Step One considers whether the claimant can still perform substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe;" Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform her past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform. The burden of proof rests with the Plaintiff on Steps One through Four. As to the last step, the burden of proof shifts to the Commissioner to identify "jobs in the economy that accommodate [Plaintiff's] residual functional capacity." *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.    The ALJ's Determination

At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 1, 2012, the alleged onset date of disability. (Tr. 15). At Step Two, the ALJ determined that Plaintiff has the following severe impairments: diabetes with neuropathy and obesity. *Id.* The ALJ also determined that Plaintiff has the following non-severe impairments: hypertension, fatigue, vision loss, acute renal failure, pyelonephritis, kidney stones, and prolapsed bladder. (Tr. 16-17). At Step Three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 21).

At Step Four, the ALJ found that Plaintiff possesses the residual functional capacity (RFC) to perform work at the light exertional level, as defined in 20 C.F.R. § 404.1567(b),

with the following limitations:

> The claimant was able to lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant was able to stand or walk for a total of six hours in an eight-hour workday, and sit for a total of six hours in an eight-hour workday. The claimant could frequently climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The claimant could frequently stoop, kneel, crouch, and crawl. The claimant could frequently handle and finger, bilaterally. The claimant could occasionally tolerate exposure to extreme cold, extreme heat, wetness, humidity, vibration, and hazards, including use of moving machinery and exposure to unprotected heights.

(Tr. 21). Based on this RFC and relying on the testimony of a vocational expert (VE), the ALJ concluded that Plaintiff was able to perform her past relevant work as a document preparation clerk and customer service representative/information clerk. (Tr. 27). Although the determination that Plaintiff can perform her past relevant work was sufficient to deny her disability application, the ALJ proceeded to Step Five where he determined that there were other jobs that existed in significant numbers in the national economy that the Plaintiff could have performed. (Tr. 28-29). Thus, the ALJ ruled that Plaintiff was not under a disability, as defined in the Social Security Act. (Tr. 29).

### C.  Analysis

Plaintiff advances two arguments in her Motion for Summary Judgment. (Doc. # 8). First, Plaintiff claims that the ALJ erred in weighing the medical opinion testimony of the Cumberland River Clinic ("Cumberland"), a treating source, and Dr. Robert Nold, a non-treating source. *Id* at 3-6. Second, Plaintiff argues that the RFC does not accurately portray Plaintiff's physical and mental capacity. *Id.* at 5-6. The Court will consider each argument in turn.

#### 1.  *The ALJ did not err in weighing the medical opinion testimony.*

In social security disability cases, medical evidence may come from treating

sources, non-treating sources, and non-examining sources. 20 C.F.R. § 404.1527. A treating source is the claimant's "own acceptable medical source who provides [claimant], or has provided [claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [claimant]." *Id.*; *see also Abney v. Astrue*, Civ. No. 5:07-394-KKC, 2008 WL 2074011, at *11 (E.D. Ky. May 13, 2008). A non-treating source is an acceptable medical source who has examined the claimant, but does not have an ongoing treatment relationship with her, while a non-examining source has provided medical or other opinion evidence in the case without examining the claimant. *Id.*

Plaintiff takes issue with the ALJ's alleged failure to accord controlling weight to the medical opinion testimony of Cumberland, a treating source, and the ALJ's decision to give little weight to the testimony of Dr. Nold, a non-treating source. (Doc. # 8 at 3-6). The Court will first address the ALJ's assessment of the medical opinion evidence of Cumberland, and then turn to Dr. Nold.

### a.    Cumberland River Clinic

A treating source's opinion is entitled to controlling weight if it is "'well supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)). If a treating source's opinion is not entitled to controlling weight, the ALJ must consider the following factors in order to determine how much weight to give the opinion: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with the record as a whole; and (5) the specialization of the

treating source.  *Id.*  The ALJ must provide "good reasons" for giving less than controlling weight to a treating source's opinion.  20 C.F.R. § 404.1527(c)(2).  Specifically, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."  SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996).

The "treating physician rule" only applies to *medical* opinions.  While a medical expert may opine "on issues such as whether [claimant's] impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments," as well as claimant's residual functional capacity or the application of vocational factors, such opinions are not entitled to controlling weight.  *See* 20 C.F.R. § 404.1527(d)(2) (stating that "the final responsibility for deciding these issues is reserved to the Commissioner").  "Although the ALJ may not entirely ignore such an opinion, his decision need only explain the consideration given to the treating source's opinion."  *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 493 (6th Cir. 2010) (internal citations omitted).

Plaintiff argues that had the ALJ given proper weight to the Cumberland testimony dated October 27, 2012 to June 6, 2013, Plaintiff's diabetes would have satisfied the criteria of a listing of impairment under 20 C.F.R. § 404, Subpart P, Appendix 1.[1]  (Doc. # 8 at 3-4).  Plaintiff claims that the Cumberland testimony presents "constant indicators that Mrs. Hayes' diabetes is poorly controlled even with medication."  *Id* at 4.  However, the Court finds that the ALJ appropriately weighed the Cumberland testimony.

---

[1]     Plaintiff was treated by both James Killian, M.D., and Sarah McQueen, P.A.-C, at the Cumberland River Clinic during the time period in question.  (Tr. 320-362).

The Cumberland testimony itself contains inconsistent evidence and is also inconsistent with other parts of the record. As the ALJ acknowledged, the Cumberland testimony characterizes the Plaintiff's diabetes as "poorly controlled at times." (Tr. 23). However, the ALJ explained that the same Cumberland testimony shows that Plaintiff's medical appointments were "typically for routine check-ups and health maintenance counseling," which suggests that her diabetes was under control. *Id.* Further, the same Cumberland testimony contains evidence that suggest that Plaintiff's diabetes does not significantly limit her activities and that Plaintiff's medication was effectively controlling her diabetes. *Id.* at 23-24. Subsequent medical evidence, including testimony from Dr. James Killian at Cumberland, shows that while the effectiveness of Plaintiff's diabetes control regimen fluctuates, Plaintiff's diabetes is often under control. *Id.* at 400; 1500; 1608; 1640. Because the Cumberland testimony is inconsistent with other substantial evidence in the case record, it is not entitled to controlling weight. *Wilson*, 378 F.3d at 544. The ALJ gave good reasons for refusing to accord controlling weight to the Cumberland testimony, considered the appropriate factors, and reached a conclusion that is supported by substantial evidence. Accordingly, the Court finds no error in the ALJ's consideration of the Cumberland testimony.

### b.    Dr. Robert Nold

Unlike testimony from a treating source, the medical opinion evidence from a non-treating source is usually not entitled to controlling weight. 20 C.F.R. § 404.1527(c)(2). Instead, the ALJ is guided by the 20 C.F.R. § 404.1527(d)(2) factors when determining how much weight to accord a non-treating physician's opinion. *Davenport v. Astrue*, No. 3:06-cv-402, 2008 WL 641131 at *6 (S.D. Ohio Mar. 4, 2008). Accordingly, the ALJ must

consider: (1) the length of the treatment relationship and the frequency of the examination; (2) the nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) the specialization of the treating source. *Id.*; 20 C.F.R. § 404.1527(c)(2). The ALJ reserves the right to evaluate the claimant's RFC and to apply vocational factors. 20 C.F.R. § 404.1527(d)(2). However, the ALJ must give his reasons for the weight he assigns each medical opinion. SSR 96-5p, 1996 WL 362206 (July 2, 1996).

Dr. Nold, a non-treating source, conducted a consultative physical examination of Plaintiff on February 24, 2014. (Tr. 397-404). Dr. Nold found that Plaintiff would have difficulty lifting items above her shoulders, lifting items over 35 pounds, performing fine manipulation, looking side-to-side, and difficulty working on a ladder, scaffolding, at unprotected heights, or around moving machinery. *Id.* at 401. The ALJ gave Dr. Nold's opinion evidence little weight. *Id.* at 26. The ALJ determined that Dr. Nold's opinions were "not consistent with or supported by the overall evidence of [the] record as a whole." *Id.* The ALJ explained that:

> Dr. Nold's findings on examination were not consistently observed or documented by the claimant's treating medical sources. The treatment notes show few ongoing complaints of neuropathy symptoms or musculoskeletal symptoms. There are few, if any, reports of significant functional limitations due to neuropathy or musculoskeletal issues. Her physical examinations were typically within normal limits. The evidence fails to establish an abnormal EMG/NCS supported of significantly limiting diabetic peripheral neuropathy.

*Id.* Because the ALJ detailed his reasons for giving Dr. Nold's opinion little weight in accordance with 20 C.F.R. § 404.1527(c), the Court finds no error in the ALJ's treatment of Dr. Nold's testimony.

### 2. *The ALJ's RFC findings are supported by substantial evidence.*

Finally, Plaintiff generally complains that the ALJ's RFC determination did not accurately portray Plaintiff's physical and mental limitations. (Doc. # 8 at 1-2). Specifically, Plaintiff argues that Dr. Nold's medical testimony "supports a finding of being limited to sedentary or light work which warrants a finding of disabled." *Id.* at 6. Plaintiff claims that the existence of evidence that may support a different RFC assessment alone is sufficient to reverse the ALJ's judgment. *Id.* An examination of the ALJ's decision and the relevant legal standards disproves Plaintiff's claim.

While the substantial evidence standard of review is "quite deferential to the finding of the Commissioner," the ALJ must still make all determinations "based upon the record in its entirety." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 249 (6th Cir. 2007). When constructing a claimant's RFC, the ALJ must take into account all relevant medical and other evidence. 20 C.F.R. § 404.945(3). Assessing the record as a whole "helps to ensure that the focus in evaluating an application does not unduly concentrate on one single aspect of the claimant's history, if that one aspect does not reasonably portray the reality of the claimant's circumstances." *Rogers*, 486 F.3d at 249. If the ALJ examined the record as a whole and the ALJ's decision is supported by substantial evidence, then this Court must affirm the ALJ's decision, even if the Court might have decided the case differently. *Listenbee*, 846 F.2d at 349.

The ALJ methodically examined the entirety of the record when assessing Plaintiff's RFC. (Tr. 21-27). The ALJ explained the guidelines for evaluating Plaintiff's symptoms and then detailed his reasoning for concluding that Plaintiff's subjective complaints were "not supported or consistent with the clinical signs, symptoms, and

findings of the objective medical evidence of record." *Id.* at 23. The ALJ evaluated all objective medical evidence and explained his reasoning for weighing the medical opinion testimony of each treating and non-treating source. *Id.* at 23-27. The ALJ also considered Plaintiff's work history, her reported daily activities, and the Third Party Function Report completed by Amy Hayes, Plaintiff's daughter. *Id.* at 25-26. Throughout the record, there is substantial evidence to support the RFC, such as the medical opinion testimony of Dr. Back, which is nearly identical to the RFC adopted by the ALJ. *Id.* 26. The Court has already found no error in the ALJ's treatment of Dr. Nold's testimony, the only piece of evidence Plaintiff raises to contest the ALJ's RFC assessment. Even if there is evidence that supports Plaintiff's position, the ALJ's decision will be upheld as long as it is supported by substantial evidence. *Her*, 203 F.3d at 389-90. Here, the ALJ has considered the record as a whole and his decision is supported by substantial evidence. The Court finds no error in the scope of the ALJ's analysis or the RFC assessment.

## III.   CONCLUSION

For the reasons stated herein, the Court concludes that the ALJ's finding that Plaintiff was not disabled for purposes of the Social Security Act was supported by substantial evidence.

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)    The decision of the Commissioner is found to be supported by substantial evidence and is hereby **AFFIRMED**;

(2)    Plaintiff's Motion for Summary Judgement (Doc. # 8) is hereby **DENIED**;

(3)    Defendant's Motion for Summary Judgement (Doc. # 10) is hereby **GRANTED**; and

(4)  A Judgement in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 7th day of August, 2017.



Signed By:
*David L. Bunning*  $\mathcal{DB}$
**United States District Judge**

K:\DATA\SocialSecurity\MOOs\London\16-294 Hayes MOO.docx